IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER D. SMITH,

                Plaintiff,

  v.                                               ORDER

MS. LAMB, MS. DAVIS, MS. LABRIE,          21-cv-361-jdp
COULTER, and E. DAVIDSON,

                Defendants.

---

     Plaintiff Christopher D. Smith, appearing pro se, is a prisoner at Fox Lake Correctional Institution. Smith alleges that he was injured working at his prison kitchen job, that he failed to receive emergency medical care for that injury, and that he was later terminated from that job. In a July 15, 2021 order, I granted Smith leave to proceed on Eighth Amendment medical care claims against several defendants and dismissed the remainder of his proposed claims. Dkt. 8. Smith has responded by filing a supplement to his complaint, Dkt. 9, attempting to fix some of the pleading problems I noted in my previous order. But none of his new allegations support claims for relief.

     Smith alleges that defendant food service administrator Micheal Otto removed Smith from his food service job after he was injured. I previously explained to Smith that prisoners have limited constitutional rights when it comes to keeping the jobs that they are assigned. Dkt. 8, at 2. Smith now labels this claim as a retaliation claim, but his allegations do not support that type of claim. To state a claim for retaliation under the First Amendment, a plaintiff must establish three elements: (1) he engaged in a constitutionally protected activity; (2) the defendant took a retaliatory action that would deter a person of "ordinary firmness" from engaging in the protected activity; and (3) sufficient facts make it plausible that the

protected activity was a motivating factor for the retaliation. *Bridges v. Gilbert*, 557 F.3d 541, 556 (7th Cir. 2009). But Smith does not allege that he was removed from his job because of any protected speech or other First Amendment activity. So he does not state a retaliation claim against Otto.

Smith also says that inmate grievance reviewers L. Bartow, Michael Meisner, E. Davidson, and C. O'Donnell denied a grievance he filed about food service staff failing to send him to the Heath Services Unit to receive emergency medical care after his fall. He labels this set of claims "Denial of Successfully Filed Inmate Complaint and Appeal." Dkt. 9, at 1. But as I've already explained to Smith, an examiner does not contribute to an already completed constitutional violation by denying a grievance about the violation. Dkt. 8, at 3. Smith attaches copies of the examiners' decisions showing that Smith was receiving medical care by the time he filed his grievance. The examiners were not personally responsible for the lack of emergency care immediately following Smith's injury, so Smith does not state claims against them. This case will proceed only on Smith's Eighth Amendment claims discussed in my previous order.

ORDER

IT IS ORDERED that plaintiff Christopher D. Smith is DENIED leave to proceed on any claims discussed in his proposed supplement to the complaint, Dkt. 9.

Entered August 4, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

2

Case 2:21-cv-01295-JPS    Filed 08/04/21    Page 2 of 2    Document 13