CHRISTOPHER D. SMITH,

    Plaintiff,

v.

JODY LAMB, REBECCA DAVISON, WINDY LABRIE, and HALEIGH COULTER,

    Defendants.

Case No. 21-CV-1295-JPS

**ORDER**

## 1. INTRODUCTION

On June 1, 2021, Plaintiff Christopher D. Smith ("Plaintiff") filed this civil rights action under Title 42, United States Code, Section 1983, alleging violations of his Eighth Amendment right to receive adequate medical care following an injury. ECF No. 1. This action was originally brought in the Western District of Wisconsin and was before the Honorable District Judge James D. Peterson. Judge Peterson screened the complaint on July 15, 2021, and allowed it to proceed against Defendants Jody Lamb, Rebecca Davison, Windy Labrie, Haleigh Coulter, and Emily Davidson. ECF No. 8. On September 13, 2021, Defendant Davidson moved to dismiss the complaint against her, ECF No. 15; the other defendants filed an answer, ECF No. 14, that same day.

On November 10, 2021, Judge Peterson dismissed Defendant Davidson from the case and simultaneously transferred it to the Eastern District of Wisconsin. ECF No. 24. The case was assigned to this branch of the Court on November 24, 2021. Thereafter, Plaintiff filed an amended complaint and various motions. ECF Nos. 30, 31, 34–37. On May 17, 2022,

Defendants filed a motion for summary judgment, which is now fully briefed and ready for disposition. ECF No. 41.

The Court will first address Plaintiff's pending motions prior to addressing the merits of Defendants' summary judgment motion. For the reasons described in detail below, none of the preliminary issues affect the outcome of the Court's summary judgment analysis. As to the merits of the summary judgment motion, the Court will grant Defendants' motion as to all claims, and this case will be dismissed with prejudice.

2. **PRELIMINARY ISSUES**

On December 2, 2021, Plaintiff filed an amended complaint, ECF No. 30, along with a motion to appoint counsel. ECF No. 31. On April 14, 2022, Plaintiff filed a motion to stay the proceedings until the Court ruled on the motion to amend and the motion to appoint counsel. ECF No. 34. On April 18, 2022, Plaintiff filed a motion for an extension of time to respond to summary judgment. ECF No. 35. On April 25, 2022, Plaintiff filed a motion to compel discovery, ECF No. 36, and Defendants filed a response on May 16, 2022, ECF No. 39. On April 29, 2022, Plaintiff filed a motion for leave to file an amended complaint, ECF No. 37, which Defendants opposed, ECF No. 40. The Court will now discuss each preliminary issue in turn.

2.1 **Appointment of Counsel**

The Court first addresses Plaintiff's pending motion to appoint counsel. As a civil litigant, Plaintiff has "neither a constitutional nor statutory right to a court-appointed attorney." *James v. Eli*, 889 F.3d 320, 326 (7th Cir. 2018). However, under 28 U.S.C. § 1915(e)(1), a "court may request an attorney to represent any person unable to afford counsel." A court should seek counsel to represent a plaintiff if: (1) he has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually

and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)). Whether to appoint counsel in a particular case is left to a court's discretion. *James*, 889 F.3d at 326; *McCaa v. Hamilton*, 893 F.3d 1027, 1031 (7th Cir. 2018). Finally, the Court may consider the merits and what is at stake when deciding whether to allocate scarce pro bono counsel resources. *Watts v. Kidman*, No. 21-1055, 2022 WL 3038877, at *6 (7th Cir. Aug. 2, 2022).

The Court will deny Plaintiff's motion for counsel. Ideally, the Court would have addressed Plaintiff's motion sooner and notified Plaintiff of its decision much earlier in the case. However, the Court has reviewed extensive materials provided by the parties, as well as the parties' legal arguments. As discussed in detail below, the Court has concluded that Defendants are entitled to summary judgment as a matter of law. Plaintiff clearly articulated his facts and legal arguments to the Court and properly opposed the motion for summary judgment. Whether a lawyer had presented the evidence or Plaintiff presented it himself, the undisputed evidence does not support Plaintiff's claims. The Court will accordingly deny Plaintiff's motion to appoint counsel, ECF No. 31.

### 2.2 Amendment, Stay, and Extension

Federal Rule of Civil Procedure 15 allows amendment once as a matter of course either twenty-one (21) days after serving a pleading or alternatively if the pleading is one to which a responsive pleading is required, twenty-one (21) days after service of a responsive pleading or twenty-one (21) days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Rule 15 also provides that a Court should freely grant leave to amend when justice so requires. Fed. R.

Civ. P. 15(a)(2). Civil Local Rule 15 further requires that a motion to amend a complaint notify the Court of the proposed changes and that the proposed amended complaint be filed as an attachment to the motion. Civ. L.R. 15(b).

Here, Plaintiff's amended complaint, ECF No. 30, was filed nearly three months after Defendants filed their answer and well after the deadline to amend without leave of the Court. Plaintiff simply filed this amended complaint rather than filing a motion requesting leave to amend. Four months later, Plaintiff filed a motion to amend his complaint with the proposed complaint attached. ECF No. 37. In this motion, Plaintiff indicates that he made a mistake in naming Haleigh Coulter as a defendant. *Id*. The proposed amended complaint, however, attempts to add several defendants, including Cindy O'Donnell, Secretary of the Wisconsin Department of Corrections; Michael Meisner, Warden of Fox Lake Correctional Institution ("FLCI"); and Emily Davidson, the FLCI Complaint Examiner. ECF No. 37-1 at 2-3. Plaintiff initially sought to include Cindy O'Donnell and Michael Meisner as defendants, but the screening order in this case did not permit claims to proceed against them. ECF No. 8 at 2–3. Similarly, Emily Davidson was already dismissed from this action following a motion to dismiss. ECF No. 24. Given these circumstances, the Court does not find that justice requires amendment of the complaint. Plaintiff's original complaint, ECF No. 1, remains the operative pleading in this case, and Plaintiff's amended complaint, ECF No. 30, will be stricken on the docket. The Court will also deny Plaintiff's motion to amend, ECF No. 37, and will therefore deny his motion to stay the proceedings, ECF No. 34, as moot.

The Court will further deny Plaintiff's motion for an extension of time, ECF No. 35, as moot. Plaintiff sought additional time to respond to a

summary judgment motion despite the fact that no motion for summary judgment had yet been filed at the time of Plaintiff's motion. As such, no deadline to respond existed and Plaintiff's request for additional time was moot when filed.

### 2.3 Motion to Compel

The Court now turns to Plaintiff's motion to compel discovery. ECF No. 36. Plaintiff seeks to compel Defendants to fully answer Plaintiff's requests for interrogatories #1, #3, and #4. *Id.* Civil Local Rule 37 requires that all motions to compel disclosure or discovery pursuant to Fed. R. Civ. P. 26 through 37 must be accompanied by a written certification by the movant that, after the movant in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action, the parties are unable to reach an accord. Civil L.R. 37. The statement must recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences. *Id*.

Defendants assert that Plaintiff failed to comply with Civil Local Rule 37 because he failed to provide a certification that he conferred in good faith with Defendants before filing his motion and to include the date and time of such discussions, as well as the names of all parties participating in those discussions. ECF No. 39. Defendants further assert that they received no communication from Plaintiff regarding Defendants' responses to the interrogatories or any alleged deficiencies in them before Plaintiff filed this discovery motion. *Id.* Plaintiff did not respond to Defendants' argument regarding Civil Local Rule 37. As such, the Court is obliged to deny Plaintiff's motion to compel discovery for his failure to comply with Civil Local Rule 37. Without making any final

determination on the issue, the Court notes that it likely would have denied the motion to compel discovery on the merits even if Plaintiff had complied with the local rule.

3. **SUMMARY JUDGMENT**

   3.1 **Legal Standard**

   Under Federal Rule of Civil Procedure 56, the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

   The Court construes all facts and reasonable inferences in a light most favorable to the nonmovant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016). In assessing the parties' proposed facts, the Court must not weigh the evidence or determine witness credibility; the Seventh Circuit instructs that "we leave those tasks to factfinders." *Berry v. Chi. Transit Auth.*, 618 F.3d 688, 691 (7th Cir. 2010).

   3.2 **Relevant Facts**

   Plaintiff is an inmate in the custody of the Wisconsin Department of Corrections ("DOC") and was housed at FLCI at all times relevant to this lawsuit. DPFF[1] 1. At all relevant times to this action, Defendant Jody Lamb

---

[1] The Court refers to Defendants' proposed findings of fact when not in dispute for ease of reference. *Compare* Defendants' proposed findings of fact ("DPFF") at ECF No. 43 *with* Plaintiff's proposed findings of fact ("PPFF") at ECF No. 47. The Court notes disputed facts when appropriate and construes all facts

Page 6 of 19
Case 2:21-cv-01295-JPS   Filed 09/21/22   Page 6 of 19   Document 51

worked at FLCI as a Corrections Food Service Leader 2. DPFF 2. Defendant Rebecca Davison worked at FLCI as a Corrections Food Service Leader 2. DPFF 3. Defendant Windy Labrie worked at FLCI as a Corrections Food Service Leader 2. DPFF 4. Defendant Haleigh Coulter began her employment with the DOC and FLCI on March 1, 2021. DPFF 5.

### 3.2.1 FLCI Policy – Request for Medical Treatment

When an inmate at FLCI has a medical concern, wishes to communicate with medical staff, and/or requests to be seen by Health Services Unit ("HSU") staff, he fills out a Health Service Request ("HSR") and submits it to the HSU. HSRs are also sometimes referred to as a "blue slip." DPFF 30. The PM shift nurse collects the HSRs from the housing units, stamps them with the date they were received, and reviews every slip for any urgent concerns. The next day, nursing triages the HSRs, checks a box on the bottom of the slip on what the next step is, and puts a date and initials next to it. The carbon copy of the form is then sent back to the inmate. DPFF 31.

The HSRs are triaged by nursing staff each day. Nursing staff uses their training and judgment when triaging the HSRs and prioritizing appointments and inmate needs to ensure they receive appropriate attention with the requisite degree of urgency. DPFF 32. Once nursing staff has triaged and responded to an HSR, it is scanned into the inmate's personal request folder portion of their electronic medical record. A response will indicate whether the inmate is scheduled to be seen, whether the HSR is referred to another staff member or referred for copies or a

---

and reasonable inferences in a light most favorable to Plaintiff as the non-moving party, as it must for the purposes of summary judgment.

record review, or whether education materials are attached. The responder may also provide written comments. DPFF 33.

### 3.2.2 Plaintiff's Injury

On February 21, 2021, Plaintiff claims he was cleaning the kettles when he stepped down into a drain and stumbled backwards, landing on his "keister" and injuring the left side of his lower back. DPFF 6. Plaintiff does not claim any of the defendants caused him to fall or caused his injury. His injury was the result of an accident when he fell in Food Services on February 21, 2021. DPFF 29.

Defendant Windy Labrie did not work on February 21, 2021. DPFF 7. Plaintiff never spoke with Defendant Haleigh Coulter regarding the February 21, 2021 incident. DPFF 9. The parties dispute, however, whether Plaintiff told the remaining defendants about his injury on the day of the incident. *Compare* DPFF 8 *with* ECF Nos. 46-1, 48. The Court takes the facts in the light most favorable to the Plaintiff as the nonmoving party and will therefore assume for the purposes of summary judgment that Plaintiff told Defendants Lamb and Davison about his injury that day. Plaintiff maintains that he told Defendants Lamb, Labrie, and Davison about his injury and need for treatment again on February 22, 2021 and February 23, 2021. ECF No. 46-1.

Plaintiff completed his work shift on February 21, 2021, and walked back to his housing area. DPFF 10. The pain subsided and his back was only sore, and Plaintiff thought it was "probably nothing." DPFF 11.[2] After

---

[2] Plaintiff attempts to dispute this fact by adding the additional fact that his pain got worse the next day. PPFF 11. ECF No. 47. This fact, however, does not negate Plaintiff's description of his pain level on February 21, 2021.

returning to his cell that same day after his shift, Plaintiff took naproxen to relieve the pain. DPFF 12.

Plaintiff could have completed an HSR form requesting to be seen on February 21, 2021 if he had chosen to. DPFF 13. Despite that knowledge, Plaintiff chose not to complete an HSR form on February 21, 2021. DPFF 14. Plaintiff did not complete an HSR form on February 21, 2021 because he wanted to give the naproxen he already had in his possession a chance to work and because he "didn't think that the situation was dire." DPFF 15.

On February 22, 2021, Plaintiff reported back to work. DPFF 16. Plaintiff was able to ambulate on February 22, 2021. His pain did not prevent him from walking. DPFF 17. Plaintiff did not submit an HSR form that day in order to request medical attention. DPFF 18. Plaintiff chose not to submit an HSR form on February 22, 2021 because he wanted to give the naproxen time to actually work. He thought the medication might alleviate his pain so he would not have to be seen in the HSU. DPFF 19.

On February 23, 2021, Plaintiff again reported to work. He did not talk to anyone about how he was feeling that day. DPFF 20. Plaintiff maintains that he requested medical attention from Defendants and the Court accepts that fact for the purposes of summary judgment.[3]

When Defendants Davison and Lamb were informed of Plaintiff's injury, they instructed Plaintiff to complete an HSR form so he could be seen in the HSU. *See* DPFF 22. Even though his supervisors did not send him to the HSU on February 22 and 23, 2021, Plaintiff still did not complete an HSR form because he wanted to give the naproxen time to work. DPFF

---

[3]The parties dispute whether Plaintiff attended recreation on February 23, 2021. This fact is immaterial to the issue at hand though, and the Court need not address it for purposes of deciding summary judgment.

23. Plaintiff was under the impression that Defendants filed an incident report and they would send him to HSU based on work rules and past practice. PPFF 23. There is no policy, procedure, or work rule at FLCI that states when an inmate worker gets injured on the job and reports the injury to his supervisor, the supervisor should complete an incident report and immediately send the worker to the HSU for medical care. DPFF 24.

Between February 21 and 23, 2021, HSU did not receive any HSRs from Plaintiff. DPFF 25. Plaintiff submitted his first HSR relating to the February 21 injury on February 24, 2021. DPFF 26. The first HSR that HSU received from Plaintiff regarding a fall on February 21 was dated February 24, 2021. Plaintiff's February 24, 2021 HSR was responded to on February 25, 2021, and he was seen by a nurse on February 26, 2021. DPFF 27. Approximately one week after February 26, 2021, during a follow-up visit with the doctor, Plaintiff was told to continue taking naproxen and to receive physical therapy. DPFF 28; PPFF 28.

### 3.3 Analysis

As explained in the screening order, the Court analyzes Plaintiff's claims under the Eighth Amendment, which "prohibits prison officials from acting with conscious disregard to prisoners' serious medical needs." ECF No. 8 at 3 (citing *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). As a preliminary matter, however, the Court will grant summary judgment as to Defendant Coulter for a lack of personal involvement. Individual liability under Section 1983 "requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). The parties do not dispute that Defendant Coulter did not work at FLCI at the time in question. DPFF 5. Plaintiff indicated that he mistakenly included Defendant Coulter as a defendant. ECF No. 37. As

such, the Court grants summary judgment for Defendant Coulter on this basis alone.

Turning to the heart of Defendants' motion for summary judgment, the Court first describes in detail the Eighth Amendment standard applicable to this case and in turn analyzes the facts of this case as to each prong of the deliberate indifference standard. As discussed below, the Court finds that Plaintiff's claim fails on both prongs of the deliberate indifference test, and therefore Defendants are entitled to judgment as a matter of law.

### 3.3.1 Eighth Amendment Standard

Not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Estelle*, 429 U.S. at 105. To prove that Defendants violated his rights under the Eighth Amendment, Plaintiff must present evidence establishing that he suffered from "'an objectively serious medical condition'" and that Defendants were "'deliberately, that is subjectively, indifferent'" to that condition. *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016) (quoting *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008)). A prison official shows deliberate indifference when she "realizes that a substantial risk of serious harm to a prisoner exists, but then disregards that risk." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

"'A medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated.'" *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011) (quoting *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010)). A broad range of medical conditions may be sufficient to

meet the objective prong of a deliberate indifference claim, including a dislocated finger, a hernia, arthritis, heartburn and vomiting, a broken wrist, and minor burns sustained from lying in vomit. *Id.* at 861 (citing *Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007) (collecting cases)). On the other hand, a prison medical staff "that refuses to dispense bromides for the sniffles or minor aches and pains or a tiny scratch or a mild headache or minor fatigue—the sorts of ailments for which many people who are not in prison do not seek medical attention—does not by its refusal violation the Constitution." *Gutierrez v. Peters,* 111 F.3d 1364, 1372 (1997) (quoting *Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996)).

Under the Eighth Amendment, an incarcerated person does not have the right to direct his own course of treatment. *See Burton v. Downey*, 805 F.3d 776, 785 (7th Cir. 2015). Likewise, an incarcerated person's disagreement "about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation." *Pyles*, 771 F.3d at 409 (citing *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006)). But neither may prison officials "doggedly persist[ ] in a course of treatment known to be ineffective." *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005). To defeat Defendants' motions for summary judgment, Plaintiff must present evidence showing the treatment he received was "'so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate' his condition." *Id.* at 654 (quoting *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996)).

Finally, "[a] delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (citing *McGowan v. Hulick*, 612 F.3d 636, 640

(7th Cir. 2010)). The length of delay that is tolerable "'depends on the seriousness of the condition and the ease of providing treatment.'" *Id.* (quoting *McGowan*, 612 F.3d at 640). To prevail on an Eighth Amendment claim alleging a delay in providing treatment, the plaintiff "must also provide independent evidence that the delay exacerbated the injury or unnecessarily prolonged pain." *Petties v. Carter*, 836 F.3d 722, 730–31 (7th Cir. 2016). Such evidence may include a showing in the plaintiff's medical records that "the patient repeatedly complained of enduring pain with no modifications in care." *Id.* at 731; *Williams v. Liefer*, 491 F.3d 710, 715 (7th Cir. 2007).

### 3.3.2 Serious Medical Condition

Defendants argue that Plaintiff's claim fails both prongs of the deliberate indifference standard. First, Defendants argue that Plaintiff did not suffer from an objectively serious medical condition on February 21-22, 2021 as it relates to his claims for not sending him to the HSU. ECF No. 42 at 8–9. Defendants rely on the fact that Plaintiff himself described his sore behind and lower back from a fall that was "probably nothing" and was not "dire" as proof of a non-serious injury. *Id.* Defendants acknowledge that Plaintiff's injury may have developed into a more seriously painful condition in subsequent days; however, they maintain that Plaintiff's condition was not sufficiently serious on the initial days that are the subject of this lawsuit. *Id.*

As to the first prong, the Court agrees with Defendants that Plaintiff did not suffer from an objectively serious medical condition when he notified Defendants of his injury. Nothing in the record indicates that Plaintiff suffered a serious medical injury during the relevant time periods at issue in this case. An instance where a prisoner is suffering from serious

pain can, of course, constitute an objective serious medical condition requiring treatment; for that reason, factual disputes frequently prohibit summary judgment on the first prong of the deliberate indifference test.

In this case, however, Plaintiff's own statements about his injury and his level of pain show that no reasonable jury could find that he suffered an objectively serious medical condition at the relevant time. Plaintiff fell on his backside, on his "keister"; he described the injury as painful immediately afterwards and that he told Defendants he needed to go to the HSU. After the immediate pain from the fall however, Plaintiff said the pain subsided and he thought it was "probably nothing." DPFF 11. Following the injury Plaintiff took some naproxen to manage his pain, went back to work, walked back to his cell, and described thinking "it will probably go away or whatever, it's gonna be sore, but it will probably go away." ECF No. 38 at 4. Plaintiff acknowledges that he could have, but did not, fill out an HSR to receive immediate medical care when he returned to his cell that day. DPFF 13.

Plaintiff undisputedly suffered an injury on February 21, 2021, and experienced pain as a result. However, Plaintiff's own description of the incident relays it as the sort of injury for which many people who are not in prison do not seek medical attention; failure to treat this type of ailment does not violate the Eighth Amendment. *See Gutierrez*, 111 F.3d at 1372. No facts indicate that Plaintiff was in any way prohibited from pursuing his own HSR for medical treatment if his injury was serious such that he required immediate care; he did not fill out an HSR for multiple days. Plaintiff's injury likely turned into a serious medical condition after the pain persisted for days and over-the-counter medication failed to resolve the issue. However, the Court does not find on the record before it that

Plaintiff's injury, specifically at the times he reported it to Defendants, constituted an objectively serious medical condition.

As such, the Court finds that no reasonable jury could find that Plaintiff suffered an objectively serious medical condition at the relevant time periods. Normally, failing the first prong of the deliberate indifference standard would end the inquiry as there is no Eighth Amendment violation without the precondition of a serious medical condition; summary judgment could be granted on this basis alone. For the purpose of completeness, however, the Court will continue its analysis because even assuming that Plaintiff met the objective prong for a serious medical injury, Plaintiff's claim would still fail on the deliberate indifference prong.

### 3.3.3 Deliberate Indifference

Second, even assuming Plaintiff suffered a serious medical condition, the Court finds that Defendants were not deliberately indifferent to Plaintiff's need for treatment. Defendants acknowledge the disputed fact as to whether Plaintiff informed them of his injury on February 21, 2021 and the days after; Defendants therefore accept, as they must, for the purposes of this motion that Plaintiff did inform Defendants at the time of injury and the days after. ECF No. 42 at 10. Defendants argue that regardless of this information though, their actions did not constitute subjective deliberate indifference to a serious medical need. *Id.* at 10–11.

Plaintiff acknowledges that Defendants told him to fill out a medical request form to receive treatment following his injury. ECF No. 38 at 4. As non-medical prison officials, Defendants themselves were not in a position to render medical care. Plaintiff maintains throughout his argument that Defendants violated prison procedure by failing to send him to the HSU immediately following his injury because it was a work injury. *See* PPFF 23.

Defendants, for their part, have produced evidence that there is no policy, procedure, or work rule at FLCI that states when an inmate worker gets injured on the job and reports the injury to his supervisor, the supervisor should complete an incident report and immediately send the worker to the HSU for medical care. DPFF 24. Plaintiff attempts to dispute this fact, PPFF 24, however, he has included only argument and no actual evidence to dispute this fact. Ultimately, it makes no difference; whether Defendants violated a prison policy is immaterial because violating a prison policy does not itself constitute a constitutional violation. *See Lewis v. Richards*, 107 F.3d 549, 553 n.5 (7th Cir. 1997) ("[I]gnoring internal prison procedures does not mean that a constitutional violation has occurred."). Plaintiff may have understandably been upset if Defendants failed to provide quicker treatment as a result of their failure to follow normal protocol; however, this alone is insufficient to prove an Eighth Amendment violation.

The question is instead whether the evidence would allow a reasonable jury to conclude that each defendant showed deliberate indifference by delaying Plaintiff's treatment or knowingly disregarding his injury and complaints of pain. It is undisputed that Defendants are not medical professionals. DPFF 2–4. It is also undisputed that Plaintiff received medical treatment for his injury relatively quickly. Plaintiff's February 24, 2021 HSR was responded to on February 25, 2021, and he was seen by a nurse on February 26, 2021. DPFF 27. Plaintiff received treatment again approximately one week after February 26, 2021, during a follow-up visit with the doctor. DPFF 28.

There is nothing in the record indicating that Defendants were subjectively aware of any facts to show that Plaintiff needed *immediate* treatment following his injury and required action outside the normal FLCI

procedure for inmates to receive medical care through the HSR process. The record does not indicate that there were any obvious visual signs of serious injury, such as blood or an open wound. The record similarly is void of any facts suggesting Plaintiff relayed to Defendants that his pain was so serious that he required immediate medical care. Where a plaintiff premises a deliberate indifference claim on a communication about his condition for which the risk is not otherwise obvious, the "plaintiff must demonstrate that 'the communication, in its content and manner of transmission, gave the prison official sufficient notice to alert him or her to an excessive risk to inmate health or safety.'" *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (quoting *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996)). Nothing in the record supports that Plaintiff met this burden by communicating facts that would have put Defendants on notice that his injury required emergency treatment. On the contrary, the facts as described by Plaintiff himself suggested that Plaintiff's injury was not sufficiently serious to require immediate care.

Additionally, Plaintiff has produced no independent evidence that delay in treatment of his injury "exacerbated the injury or unnecessarily prolonged pain." *See Petties*, 836 F.3d at 730–31. The undisputed facts show that Plaintiff had an option to request medical treatment through the HSR process on February 21-23, 2021; he did not. Plaintiff's testimony in his deposition occurred more than one year after the incident in April 2022. ECF No. 38 at 1. At that time, he indicated the physical therapy he had received as treatment for the injury "didn't do anything." and in fact that it was "actually making it worse"; he also indicated he was still on pain medication to treat his injury. *Id.* at 9. Plaintiff's injury and resulting pain is of course unfortunate; however, he has failed to show that Defendants'

delay of mere days for Plaintiff's medical treatment caused him any unnecessarily prolonged pain or exacerbated his injury.

Based on the forgoing, the Court finds that no reasonable jury could find that Defendants were subjectively deliberately indifferent to a serious medical need. Consequently, Plaintiff's Eighth Amendment claim fails on both prongs of the deliberate indifference test. The Court will therefore grant Defendants' motion for summary judgment as to all claims, and this case will be dismissed.

## 4. CONCLUSION

For the reasons explained above, the Court denies all of Plaintiff's preliminary motions; these pending motions did not affect the outcome of summary judgment. The Court grants Defendants' motion for summary judgment, ECF No. 41, and Plaintiff's claims are dismissed with prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to appoint counsel, ECF No. 31, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to stay the proceedings, ECF No. 34, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of time, ECF No. 35, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel discovery, ECF No. 36, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's amended complaint, ECF No. 30, be and the same is hereby **STRICKEN** from the record;

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file an amended complaint, ECF No. 37, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment, ECF No. 41, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice.**

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 21st day of September, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.